Citation Nr: 1826258 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 12-16 213 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in San Juan, the Commonwealth of Puerto Rico


THE ISSUE


Entitlement to an annual clothing allowance for the 2013 calendar year.

(The issues regarding entitlement to service connection for erectile dysfunction and increased ratings for loss of bone density and pain, a low back disability, limitation of flexion of the bilateral elbows, limitation of supination and pronation of the bilateral elbows, limitation of extension of the bilateral hips, limitation of flexion of the bilateral hips, and impairment of the bilateral thighs are the subject of a separate decision.)



REPRESENTATION

Appellant represented by: Puerto Rico Public Advocate for Veterans Affairs


ATTORNEY FOR THE BOARD

M. Thomas, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from November 1971 to June 1973.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2013 decision of the Department of Veterans Affairs Medical Center (VAMC) in San Juan, Commonwealth of Puerto Rico.

In July 2017, the Board, in pertinent part, remanded for additional development the issue of entitlement to an annual clothing allowance for the 2013 calendar year. 

As indicated on the title page, the Veteran has another appeal before the Board. Because that appeal originates from a different Agency of Original Jurisdiction (AOJ) and involves issues dependent on different law and facts, it is the subject of a separate decision. See BVA Memorandum No. 01-18-04; VA Purplebook 01-18-v1.0.0.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In July 2017, the Board, in pertinent part, remanded the issue of entitlement to an annual clothing allowance for the 2013 calendar year for the issuance of a statement of the case (SOC) as to this issue. See Manlicon v. West, 12 Vet. App. 238 (1999). However, the Board inadvertently directed its remand to the VA Regional Office (RO), instead of the VAMC that issued the October 2013 rating decision. As the prior remand was not directed to the proper AOJ, no action was taken. Therefore, another remand is required so that the issuance of a SOC may be accomplished. See Stegall v. West, 11 Vet. App. 268 (1998) (finding that a remand by the Board confers on the Veteran the right to compliance with its remand orders). 

Accordingly, the case is REMANDED for the following action:

Issue a SOC to the Veteran and his representative addressing the Veteran's entitlement to an annual clothing allowance for the 2013 calendar year. The SOC should include all relevant law and regulations pertaining to the claims. The Veteran must be advised of the time limit in which he may file a substantive appeal. See 38 C.F.R. 
§ 20.302 (b). Then, if an appeal has been perfected, this issue should be returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).